IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EDWARD PERGANDE, et al.,

        Plaintiff,              6:10-cv-00690-TC

           v.                     FINDINGS AND
                                    RECOMMENDATION
CHERI WOOD, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights while he was a pre-trial detainee in the Umatilla County Jail. Plaintiff's also invokes "supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367." Amended Complaint (#48) p. 3. However, plaintiff's Amended

1 - FINDINGS AND RECOMMENDATION

Complaint (#48) does not allege any specific state law claim.[1] The remaining defendants, Thorn, Young and Gresman, now move to dismiss on various grounds. Motion to Dismiss (#56).

Defendants move to dismiss for insufficiency of service of process arguing that "defendants received copies of [the documents filed with the court] by certified mail. However, the individual defendants are required to be served personally, by leaving a copy at the individual's home or through an authorized appointed agent. Fed.R.Civ.P. 4(e)." Memorandum of Law (#57) p. 1.

Defendants were served by the U.S. Marshal's Service pursuant to the court's Order (#18) entered January 10, 2011. The returns of service, (#25), (#26) and (#27), indicate that the moving defendants were served by certified mail.

Fed.R.Civ.P. 4(e)(1) authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

The Oregon Rules of Civil procedure authorize service to individuals by certified mail. *See*, ORCP 10D(2)(d) and 10D(3)(a). Assuming that there is a defect in service,[2] any

---

[1]The unadorned reference to "negligence" on page 14 of plaintiff's Amended Complaint is insufficient to state a claim.

[2]ORCP 10D(2)(d)(I) provides that "service by mail shall be made by mailing true copies of the summons and the complaint to the

2 - FINDINGS AND RECOMMENDATION

such defect could be cured by amendment. Defendants have appeared and responded on the merits and I find it is appropriate to decide the present motion on the merits.

Plaintiff alleges three general claims: denial of adequate medical care; denial of access to the courts; and interference with his mail.

Denial of medical care: A pre-trial detainee's claim for unconstitutional conditions of confinement are analyzed under the substantive due process clause of the Fourteenth Amendment. Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003)(citing Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002)).

In order to establish entitlement to relief under the Eighth Amendment standards applicable to Fourteenth Amendment substantive due process claims, plaintiff must show that he was (1) confined under conditions posing a risk of 'objectively sufficiently serious' harm" and (2) "that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). "A defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'" Gibson, supra, 290 F.3d at 1187. "In order to know of the risk, it is not

---

defendant by first class mail and [by certified mail].

3 - FINDINGS AND RECOMMENDATION

enough that the person merely 'be aware of th facts from which the inference could be drawn that a substantial risk of serious harm exists [] he must also draw that inference.' ... But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction." Id, at 188. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). A serious medical need is present where the failure to treat a prisoner's condition could result in the unnecessary and wanton infliction of pain. Clements, supra.

Plaintiff acknowledges that defendant Thorn is not a medical doctor. However, he has alleged facts which suggest possible respondeat superior liability on the part of defendant Thorn. In addition, plaintiff has alleged facts which if proved could establish that defendant Thorn was deliberately indifferent to his serious medical need.

Specifically, I find that plaintiff's allegation in paragraph 23 that defendant Thorn refused to authorize a snack at night to treat plaintiff's hypoglycemia and his allegations in paragraph 26 that defendant Thorn refused to provide access to a "qualified physician" to treat his ear infection, state

4 - FINDINGS AND RECOMMENDATION

a claim for pleading purposes. Defendant Thorn should be required to respond on the merits to those allegations.

I find that plaintiff's Fourteenth Amendment due process claim against defendant Thorn as set forth above states a claim upon which relief can be granted for pleading purposes.

Plaintiff appears to allege two First Amendment claims, one for interference with his mail and a another for denial of access to the courts.

Mail claims: Inmates have a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995); Pell v Procunier, 417 U.S. 817, 822 (1974) [a prison inmate retains those First Amendment rights that are not inconsistent with his (or her) status as a prisoner or with the legitimate penological objectives of the corrections system"]. However, the right is not unlimited and subject to reasonable limitations based on "legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987) see also, McCabe v. Arave, 827 F.2d 634, 637 (9th Cir. 1987).

Plaintiff's allegations that (non-legal) outgoing mail is read by jail employees fails to state a claim because of the penological objective of censoring out-going mail concerning escape plans, containing information about proposed criminal activity, or transmitting encoded messages. See, Procunier v. Martinez, 416 U.S. 396, 412 (1974).

5 - FINDINGS AND RECOMMENDATION

However, plaintiff's allegations in paragraph 24 that defendant Young refused to send plaintiff's legal mail[3] and plaintiff's allegation in paragraph 28 that defendant Gressman "destroyed" his mail and that she and defendant Young refused to send his mail, state a claim against these defendants for pleading purposes. To the extent that plaintiff's allegation in paragraphs 27 and 28 can be construed as alleging that these defendants' alleged conduct was pursuant to defendant Thorn's direction, knowledge or consent, it may be sufficient to establish respondeat superior liability on the part of defendant Thorn. See, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Denial of access to the courts: In Paragraph 24 plaintiff alleges that defendant Thorn "allowed denial of court access by having a policy to where staff members can read legal mail." Amended Complaint (#48) p. 9. In paragraph 32, plaintiff alleges that defendant Young "stated their (sic) is no law lybrary (sic) (and) she denied me court access and months of delay with starting a civil claim." Id., p. 11

In order to establish a violation of the constitutional

---

[3] Plaintiff has not established that the mail at issue was actually "legal mail" under OAR 291-131-010(13), but he has alleged it. Moreover, plaintiff has alleged facts which suggest a valid penological objective for defendants' alleged conduct with respect to his mail. However, there are insufficient facts before the court at this stage of the proceeding to make such a determination.

6 - FINDINGS AND RECOMMENDATION

right of access to the courts a prisoner must establish two things. First he must show that the access was so limited as to be unreasonable. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Second, he must demonstrate that the denial of access caused him an actual injury. To establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts. Id.

Plaintiff's general allegation that his civil claim was delayed is insufficient to state a claim for denial of access to the courts because it is unsupported by any specific factual allegation. Specifically, plaintiff has not pleaded or established that he suffered an actual injury as a result of the alleged delay.

Plaintiff's claim that the policy of allowing jail staff to read his mail denied him access is similarly deficient for failing to allege any actual injury. Moreover that claim is in essence a mail claim and not a denial of access claim. Plaintiff's mail claims are addressed above.

I find that plaintiff's allegations of denial of access to the courts fails to state a claim upon which relief can be granted.

Based on all of the foregoing, defendants' Motion to Dismiss (#56) should be allowed in part and denied in part

as follows: defendants' motion to dismiss plaintiff's Fourteenth Amendment claim against defendant Thorn should be denied as to the claims that defendant Thorn denied him an evening snack to treat his hypoglycemia and denied him access to a doctor to treat his ear infection; defendants' motion to dismiss should be denied as to plaintiff's claims against defendant Young and Gressmen based on the allegation in paragraphs 27 and 28 and as to defendant Thorn to the extent plaintiff alleges respondeat superior liability as to those claims; defendants' motion to dismiss should be allowed as to Plaintiff's claim for denial of access to the courts and in all other respects.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a

waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 7 day of March, 2012

_____
Thomas M. Coffin
United States Magistrate Judge