IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD PERGANDE, et al.,

        Plaintiff,            6:10-cv-00690-TC

        v.                      FINDINGS AND
                                RECOMMENDATION
CHERI WOOD, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights while he was a pre-trial detainee in the Umatilla County Jail. Plaintiff's also invokes "supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367." Amended Complaint (#48) p. 3. However, plaintiff's Amended

1 - FINDINGS AND RECOMMENDATION

Complaint (#48) does not allege any specific state law claim.[1] Plaintiff alleges three general claims: denial of adequate medical care; denial of access to the courts; and interference with his mail.

Defendants Woods, Rogers, Morgan and Reynolds (the "Nurse Defendants") now move for summary judgment (#147). Plaintiff claims the moving defendants were deliberately indifferent in treating his ear pain, in failing to provide him snacks for alleged hypoglycemia, and in placing him in a medical observation cell. Plaintiff also alleges that defendant Reynolds falsified his medical records, and that defendants Morgan, Reynolds and Rogers were unqualified to provide care. Amended Complaint (#48).

Plaintiff filed an "Opposition to defendants' Motion for Summary Judgment (#161). However, plaintiff's "opposition" does not respond to the merits of defendants' arguments.[2] Plaintiff's "opposition" simply states that "[i]f the court will not provide [a medical expert] to support my claims, I cannot move forward with this claim." Opposition to Defendants' Motion for Summary Judgment (#161) p. 1.

---

[1] The unadorned reference to "negligence" on page 14 of plaintiff's Amended Complaint is insufficient to state a claim.

[2] Plaintiff was provided with a Summary Judgment Advice Notice (#143) on November 14, 2012, and afforded the opportunity to offer appropriate evidence and argument in response to defendants' arguments.

2 - FINDINGS AND RECOMMENDATION

A pre-trial detainee's claim for unconstitutional conditions of confinement are analyzed under the substantive due process clause of the Fourteenth Amendment. <u>Lolli v. County of Orange</u>, 351 F.3d 410 (9th Cir. 2003)(*citing* <u>Gibson v. County of Washoe</u>, 290 F.3d 1175 (9th Cir. 2002)).

In order to establish entitlement to relief under the Eighth Amendment standards applicable to Fourteenth Amendment substantive due process claims, plaintiff must show that he was (1) confined under conditions posing a risk of 'objectively sufficiently serious' harm" and (2) "that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." <u>Clements v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002). "A defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'" <u>Gibson</u>, *supra*, 290 F.3d at 1187. "In order to know of the risk, it is not enough that the person merely 'be aware of th facts from which the inference could be drawn that a substantial risk of serious harm exists [] he must also draw that inference.' ... But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction." <u>Id</u>, at 188. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they

3 - FINDINGS AND RECOMMENDATION

deny, delay, or intentionally interfere with medical treatment. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). A serious medical need is present where the failure to treat a prisoner's condition could result in the unnecessary and wanton infliction of pain. Clements, supra.

In view of plaintiff's lack of evidence or argument in opposition to defendants' motion I find that it is unnecessary to discuss the specifics of plaintiff's claims in detail.

Defendant Woods, who was at all times material to plaintiff claims the Health Services Administrator at the Umatilla County Jail, responded to plaintiff's medical complaints on numerous occasions. In Nurse Woods opinion, the Nurse Defendants at all times met the standard of care required of reasonable careful nurses practicing in Umatilla County or similar communities and were not deliberately indifferent to plaintiff's serious medical needs. Wood's Declaration (#150) p. 2.

Dr. Cory Aden-Wansbury is Board Certified in Otolaryngology and currently is the Medical Director for the Jackson County Jail in Medford, Oregon, where he contracts to provide physician clinic services to inmates incarcerated in the jail. Declaration of Cory Aden-Wansbury (#151). Dr. Aden-Wansbury reviewed plaintiff's Amended Complaint, his jail medical records and plaintiff's deposition and concluded that

4 - FINDINGS AND RECOMMENDATION

the defendant Nurses at all times met a reasonable standard of care in treating plaintiff and were not the cause of any injury to plaintiff. Id. p. 2.

Plaintiff has not offered any evidence or argument to controvert these expert medical opinions. Plaintiff acknowledged in his deposition that his claims that defendants were negligent in treating his complaints is based on his "belief" only. Hughes Declaration (#149) Exhibit 1, p. 23.

Medical malpractice, even gross malpractice, does not amount to a violation of the Eighth Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id, (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996.

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally

5 - FINDINGS AND RECOMMENDATION

reluctant to second guess medical judgment." <u>Miranda v. Munoz</u>, 770 F.2d 255, 259 (1st Cir. 1985); <u>Layne v. Vinzant</u>, 657 F.2d 468, 474 (1st Cir. 1985); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).

Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment. <u>Parham v. J.R.</u>, 442 U.S. 584, (1976); <u>Estate of Conners v. O'Conner</u>, 846 F.2d 1205, 1209 (9th Cir. 1988), *cert. Denied*, 489 U.S. 1065 (1989).

In this case, plaintiff has acknowledged that his claims are based on his "belief" that the defendant Nurses were negligent in treating him. Plaintiff's "belief" is insufficient to establish a claim where it is, as here, controverted by medical opinion. <u>Toguchi v. Chung</u>, *supra*.

Plaintiff has failed to establish any evidence that defendant's treatment of plaintiff's medical complaints was medically unacceptable under the circumstances or chosen in conscious disregard of an excessive risk to plaintiff's health. The un-controverted declarations of Nurse Woods and Dr. Aden-Wansberry establish that defendants' treatment of plaintiff's medical complaint was reasonable and based on sound medical judgment.

Based on all of the foregoing, I find that there are no

6 - FINDINGS AND RECOMMENDATION

genuine issues of material of fact remaining concerning plaintiff's claims against the Nurse defendants. Defendants' Motion for Summary Judgment (#147) should be allowed and plaintiff claims against the Nurse Defendants should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of January, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION