UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EDWARD PERGANDE, et al.,

        Plaintiff,        6:10-cv-00690-TC

        v.        FINDINGS AND RECOMMENDATION

CHERI WOOD, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights while he was a pre-trial detainee in the Umatilla County Jail. Plaintiff alleges three constitutional claims: denial of adequate medical care; denial of access to the courts; and interference with his mail. Plaintiff also invokes "supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367." Amended Complaint (#48) p. 3.

1 - FINDINGS AND RECOMMENDATION

However, plaintiff's Amended Complaint (#48) does not allege any specific state law claim.[1]

By Order (#184) entered May 31, 2011, Judge Aiken adopted the Findings and Recommendation (#167) granting summary judgment as to defendants Woods, Rogers, Morgan and Reynolds. The remaining defendants, Hearn,[2] Young and Gressman now move for summary judgment (#170). Plaintiff has also filed a motion for summary judgment "as to the liability of defendants Wood, Thorn, Young, Gressman, Rogers, Morgan and Reynolds for damages... ." Motion For Summary Judgment (#183) p. 1. Plaintiff's motion also asserts that defendants' motion for summary judgment should be denied "for the reasons listed, and the documents attached." Id., p. 2.

Plaintiff alleges that defendant Hearn was deliberately indifferent to his ear pain, "refused to provide access to an ear specialist or qualified physician," and placed plaintiff in "medical observation." Amended Complaint (#48) p. 9. Plaintiff further alleges that defendant Hearn "refused to step in and authorize a snack at night because of low blood sugar levels or hypoglycemia," Id., and denied plaintiff's

---

[1] The unadorned reference to "negligence" on page 14 of plaintiff's Amended Complaint is insufficient to state a claim.

[2] Plaintiff refers to this defendant variously as "Thoren Hearn" and "Hearn Thorn." Apparently this individual's name is Thoren Hearn - See, Declaration of Sergeant Thoren Hearn (#175).

2 - FINDINGS AND RECOMMENDATION

request for "medication Effxer." Amended Complaint (#48) p. 12.

Defendant Hearn is an Administrative Sergeant at the Umatilla County Jail (UCJ). Declaration of Thoren Hearn (#175) p. 1. During plaintiff's incarceration, UCJ had a contract with Correctional Healthcare Management (CHM), an independent contractor hired to provide the medical staff that was responsible for providing all medical services to UJC inmates. In the event the Facility Nurse deems it necessary for an inmate to be seen by a physician, the medical department makes the arrangements. Declaration of Thoren Hearn (#175) p. 2. At no time did defendant Hearn directly supervise the Correctional Healthcare Management staff and he was not directly involved in plaintiff's medical care during his incarceration at UCJ. Id. Plaintiff acknowledges that "Sgt. Hearn Thorn (sic) is not a doctor and does not work for medical." Amended Complaint (#48) p. 9.

At the time of the alleged incidents giving rise to plaintiff's claims, plaintiff was a pre-trial detainee. A pre-trial detainee's claim for unconstitutional conditions of confinement are analyzed under the substantive due process clause of the Fourteenth Amendment. Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003)(citing Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002)).

3 - FINDINGS AND RECOMMENDATION

In order to establish entitlement to relief under the Eighth Amendment standards applicable to Fourteenth Amendment substantive due process claims, plaintiff must show that he was (1) confined under conditions posing a risk of 'objectively sufficiently serious' harm" and (2) "that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). "A defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'" Gibson, supra, 290 F.3d at 1187. "In order to know of the risk, it is not enough that the person merely 'be aware of th facts from which the inference could be drawn that a substantial risk of serious harm exists [] he must also draw that inference.' ... But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction." Id, at 188. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). A serious medical need is present where the failure to treat a prisoner's condition could result in the unnecessary and wanton infliction of pain. Clements, supra.

4 - FINDINGS AND RECOMMENDATION

Plaintiff has failed to controvert defendant Hearn's statement that he did not supervise medical staff or make decisions regarding plaintiff's medical treatment. Nor has plaintiff presented any evidence that defendant Hearn knew of and disregarded an excessive risk to plaintiff's health and safety, or denied, delayed or intentionally interfered with plaintiff's medical treatment.

The record reflects that during the time plaintiff was incarcerated in the UCJ he was seen by CHM for his medical concerns approximately 70 times. Declaration of Mark Sherman (#173), Exhibit 2. On these occasions plaintiff was physically examined and prescribed medications including antibiotics to treat his ear infection. On several occasions, plaintiff declined to follow the prescribed treatment, disregarded CHM staff advice or refused medical treatment.[3]

Medical malpractice, even gross malpractice, does not amount to a violation of the Eighth Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. Toguchi v. Chung, 391

---

[3]Plaintiff's argument that he did not sign the "Refusal Forms" does not create a material issue of fact sufficient to defeat defendants' motion for summary judgment. The exhibits clearly indicate that plaintiff did not sign the forms - therefor plaintiff's refusal was witnessed by others who did sign the forms.

5 - FINDINGS AND RECOMMENDATION

F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id, (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996.

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment. Parham v. J.R., 442 U.S. 584,(1976); Estate of Conners v. O'Conner, 846 F.2d 1205, 1209 (9th Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989).

This court has previously found that the UCJ medical staff was not deliberately indifferent to plaintiff's serious medical needs. *See*, Findings and Recommendation (#85) and Order Adopting (#137). Plaintiff has not offered any new or

6 - FINDINGS AND RECOMMENDATION

supplemental evidence or argument to contradict that finding or establish his claim. Plaintiff acknowledged in his deposition that his claims that defendants were negligent in treating his complaints is based on his "belief" only. Hughes Declaration (#149) Exhibit 1, p. 23. Plaintiff's disagreement with the expert opinions of his medical providers concerning the proper course of treatment for his ear infection is insufficient to establish a claim. <u>Toguchi v. Chung</u>, *supra*.

Plaintiff also alleges that defendant Hearn "refused to step in and authorize a snack at night because of low blood sugar levels or hypoglycemia." Amended Complaint (#47) p. 9.

However, defendant Hearn was present when Nurse Woods told plaintiff that he did not have hypoglycemia. Therefore, Hearn's refusal to authorize a snack at night does not establish deliberate indifference to plaintiff's serious medical needs.

In addition, the record reflects that plaintiff generally had sufficient funds to purchase snacks at the commissary and that at some point Nurse Practitioner Miller ordered a snack at night for plaintiff.

Plaintiff's claim that defendant Hearn denied his request for "medication Effexer" fails as a matter of law because it is undisputed that defendant Hearn was not responsible for plaintiff's medical treatment decisions.

7 - FINDINGS AND RECOMMENDATION

It is un-controverted that 1.) defendant Hearn was not responsible for the decisions regarding plaintiff's medical treatment; and 2.) the CHM staff's treatment of plaintiff's medical complaints was reasonable and based on sound medical judgment.

I find that there are no genuine issues of material of fact remaining concerning plaintiff's deliberate indifference (medical) claims against the defendant Hearn and that defendant Hearn is entitled to judgment as a matter of law as to those claims.

Plaintiff alleges that Defendant Hearn "allowed denial of court access by having a policy to where staff can read legal mail and not enforcing officers Plum and McMurtre to stop opening my legal mail." (Sic) Amended Complaint (#48) p. 9. Plaintiff also alleges that defendant Young violated his right of access to the courts by refusing to send legal mail to his attorney, Id., p. 10, and by "[stating there] is no law library." Id. p. 11.

Plaintiff's claim that defendants unlawfully interfered with his mail is without merit. The record reflects that plaintiff's outgoing mail to his lawyer was delayed on one occasion and that other outgoing mail was rejected on two occasions. On each of the occasions when plaintiff's mail was delayed or rejected the reason for the delay or rejection was

8 - FINDINGS AND RECOMMENDATION

because the mail violated UCJ's mail policies. Those mail policies did not violate the First Amendment because they were reasonably related to legitimate penological interests. Turner v. Safely, 482 U.S. 78, 89 (1987).

Plaintiff acknowledges that he was not harmed or prejudiced by the approximately one week delay in sending the letter to his lawyer. In order to establish a violation of the constitutional right of access to the courts a prisoner must establish two things. First he must show that the access was so limited as to be unreasonable. Lewis v. Casey, 518 U.S. 343, 354 (1996); Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Second, he must demonstrate that the inadequate access caused him an actual injury. To establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts. Id.

Plaintiff has not alleged any facts which would establish that defendants' alleged conduct caused him an actual injury or established a specific instance in which he was actually denied access to the courts. Accordingly, defendants' are entitled to judgment as a matter of law as to plaintiff's claim for denial of access to the courts.

Even if plaintiff were able to establish some slight impingement of his constitutional rights as a result of defendants' alleged conduct, defendants are entitled to

9 - FINDINGS AND RECOMMENDATION

qualified immunity from liability to plaintiff because their conduct did not violate a clearly established statutory or constitutional right of which a reasonable person in defendants' circumstances would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001); <u>Cmty House, Inc. V. City of Boise</u>, 623 F.3d 945 (9th Cir. 2010).

Based on all of the foregoing, defendants' Motion for Summary Judgment (#170) should be allowed. Plaintiff's Motion for Summary Judgment (#183) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the

10 - FINDINGS AND RECOMMENDATION

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Findings and Recommendation or judgment of dismissal of this action would be frivolous and not taken in good faith.*

DATED this 29 day of August, 2013.

Thomas M. Coffin
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION